STATE OF CONNECTICUT *v.* JAMES E. CRONIN

REVIEW DIVISION OF THE SUPERIOR COURT

Decided April 4, 1967

*Timothy C. Moynahan,* of Waterbury, for the defendant.

*Victor M. Muschell,* assistant state's attorney, for the state.

BY THE DIVISION. The defendant, nineteen years of age, pleaded guilty as follows: To four counts of burglary, in violation of § 53-68 of the General Statutes, which prescribes a penalty of imprisonment for not more than twenty years; to four counts of breaking and entering a dwelling in the daytime, in violation of § 53-73, which prescribes a penalty of imprisonment for not more than four years; to one count of larceny exceeding $250 but less than $2000, in violation of § 53-63, which prescribes imprisonment for not more than five years or a fine of not more than $500 or both; and to one count of theft of a motor vehicle, in violation of § 53-57, which prescribes a penalty of imprisonment for not more than fifteen years for the first offense.

The court imposed sentences as follows: On one count of burglary, commitment to the Connecticut

reformatory for an indefinite term; on three counts of breaking and entering, one year in jail, to become effective on each count after release from the reformatory, with execution of sentence to be suspended and probation for two years; on one count of burglary, commitment to the Connecticut reformatory for an indefinite term, to be served concurrently with the previous sentence to the reformatory; on one count of breaking and entering, one year in jail, to become effective after release from the reformatory, with execution of sentence to be suspended and probation for two years; on one count of larceny, six months in jail, to become effective after release from the reformatory, with execution of sentence to be suspended and probation for two years; on two counts of burglary, commitment to the Connecticut reformatory for an indefinite term, to be served concurrently with the previous sentences to the reformatory; and on one count of theft of a motor vehicle, commitment to the Connecticut reformatory for an indefinite term, to be served concurrently with the previous sentences to the reformatory. The effective sentence was not more than five years in the Connecticut reformatory, with eligibility for parole after fifteen months, under the parole rules in effect at the reformatory, and one year in jail, effective after release from the reformatory, with execution of the jail sentences suspended and probation for two years.

The number of offenses which this defendant committed are too long for a detailed recital. He was involved in a break in Torrington where a house was ransacked and money taken; a break in an unoccupied house in Torrington where nothing of value was found; a break in Harwinton where an attorney's house was ransacked, and a pinch bar left at the scene; another break in Harwinton where $500 in cash was taken. These are merely examples

of a large number of breaks that took place in the towns of Plymouth, Watertown, Harwinton and Torrington. He and a companion also broke into a home in Prospect, where the front door was forced open with a screwdriver, and stole three .22-caliber revolvers, a .30-30 rifle, three shotguns and three walkie-talkie radios valued at $250. With a companion, he stole a car in Hartford which was brought to Litchfield, where it was dismantled in part and altered in appearance.

He had a very poor juvenile record, committing a large number of offenses, as a result of which he was committed to the Connecticut school for boys. He was on parole from this school when, as a result of additional offenses, he was committed to the Connecticut reformatory on June 2, 1964. After his release from the reformatory on September 2, 1965, he committed the offenses as a result of which he was again committed to the reformatory in the instant cases.

We agree with the state's attorney, who said prior to sentence that commitment to the reformatory for an indefinite period would be a very light sentence. As the court said, "His record is long, hard, and reflects an early dedication to recidivism that is usually found in people of a greater age." We believe the sentence to be fair, just and reasonable, and it should stand.

PALMER, HEALEY and BARBER, Js., participated in this decision.